UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE EDWARD BRONSON,<br><br>Petitioner,<br><br>v.<br><br>FRESNO FEDERAL COURTHOUSE,<br><br>Respondent. | Case No. 1:24-cv-00092-CDB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO NAME A PROPER RESPONDENT AND FAILURE TO EXHAUST STATE REMEDIES<br><br>**21-DAY DEADLINE**<br><br>(Doc. 1) |

Petitioner Duane Edward Bronson ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The petition appears to primarily seek review of a judgment of conviction and sentence imposed upon him in the Superior Court of California, County of Fresno.  *Id*. at 2-6.  Specifically, Petitioner claims he had ineffective assistance of counsel, the court "did not follow his plea bargain deal," and he was promised he would be placed in a ninety-day drug and alcohol program.  *Id*. at 5.  Petitioner also appears to separately allege he has been denied access to his mail.  *Id*. at 14.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  Habeas corpus petitions by pro se petitioners are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss

a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, palpably incredible or patently frivolous are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Background**

Petitioner filed the instant petition on January 19, 2024. (Doc. 1). According to the petitioner's allegations, on September 9, 2023, Petitioner "arrived" and was placed in the custody of Fresno County Jail. *Id*. at 14. Petitioner claims his mail was not being returned to his possession and was being taken away without explanation. *Id*. On December 20 or December 23, 2023, Petitioner asserts he was convicted in the Superior Court of the State of California for the County of Fresno for elder abuse and fake imprisonment. *Id*. at 2 (citing Cal Pen. Code §§ 236, 368). Petitioner asserts he was promised he would be placed in a ninety-day program for drug and alcohol and signed a plea bargain with this stipulation. *Id*. at 3.

Thereafter, Petitioner claims Judge Terrence of the Superior Court of the State of California for the County of Fresno took back his plea bargain and had him accept a plea bargain for sixteen months. *Id*. On December 20 or December 23, 2023, Petitioner states he was sentenced to sixteen months in Fresno County Jail. *Id*. at 2. Petitioner contends he appealed his conviction and sentence. Petitioner claims he filed a petition or appeal to Fresno Superior Court. *Id*. at 5-6. Petitioner claims he sought review in the California Supreme Court. *Id*. at 5. However, Petitioner notes he has not received a decision from any appellate court. *Id*.

**Discussion**

Petitioner has failed to provide an adequate petition for writ of habeas corpus. First, Petitioner does not name an appropriate respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. §

2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359. 360 (9th Cir. 1996)). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quotations omitted). The chief officer in charge of the state penal institutions can also serve as an appropriate respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Here, Petitioner only names "Fresno Federal Courthouse" as a respondent to his petition. (Doc. 1). Because Petitioner has not named a proper respondent, this Court may not rule on the petition. *Smith*, 392 F.3d at 355 n.3 ("when a habeas petitioner has failed to name the proper respondent … the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief").

Petitioner's habeas corpus petition also fails to show he exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)). When none of a petitioner's claims have been presented to the highest state court as required, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims … it may simply dismiss the habeas petition for failure to exhaust.").

In this case, Petitioner alleges he had appealed his case to the California Supreme Court but then admits he has not received a decision from any appellate court. (Doc. 1). The Court cannot consider a petition that is entirely unexhausted. *Rose*, 455 U.S. at 521-22.

Petitioner also appears to assert an access to mail claim. (Doc. 1 at 14). Federal law provides two main avenues for relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curium). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily lead to [a petitioner's] immediate or earlier release from confinement," the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Instead, requests for relief turning on circumstances of confinement may be presented in a § 1983 action. *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

As stated above, Petitioner appears to assert he has been denied access to his mail. This claim relates to the condition of Petitioner's confinement rather than its legality. An appropriate remedy for these claims, if proven, would be in the form of a change in conditions or related remedy, not release. Thus, Petitioner's claim is not cognizable in a federal habeas corpus proceeding.

The claim could be raised in a § 1983 civil rights action. Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974); *Witherow*, 52 F.3d at 266; *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (inmates and detainees may have their mail screened to ensure that there is no contraband inside). The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for a violation of a prisoner's constitutional rights. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Nordstrom v. Ryan*, 762 F.3d 903, 908-09 (9th Cir. 2014).

A prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning

all correspondence between prisoners and regulations concerning incoming mail received by prisoners from non-prisoners. *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989).

Though the undersigned expresses no view regarding the merits of any such claim, Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on his access to mail allegations contained in the petition.

Petitioner is advised habeas actions and § 1983 prisoner civil right cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. at 935-36 (citations omitted). For instance, the filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from the income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might otherwise forgo a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

**Conclusion and Order**

Accordingly, for the foregoing reasons, it is HEREBY ORDERED:

1. Within 21 days of the date of service of this order, Petitioner SHALL show cause in writing why the petition should not be dismissed for Petitioner's failure to name a proper respondent and failure to exhaust state remedies. Petitioner is forewarned that failure to timely comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110; and

///

///

2. The Clerk of Court is DIRECTED to send Petitioner one blank copy of the form complaint for 42 U.S.C. § 1983 civil rights action.

IT IS SO ORDERED.

Dated: **February 1, 2024**

_____
UNITED STATES MAGISTRATE JUDGE