UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE EDWARD BRONSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FRESNO FEDERAL COURTHOUSE,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00092-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO EXHAUST STATE REMEDIES<br><br>**21-DAY DEADLINE**<br><br>(Doc. 4) |

Petitioner Duane Edward Bronson ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition appears to primarily seek review of a judgment of conviction and sentence imposed upon him in the Superior Court of California, County of Fresno. *Id*. at 2-6.

**Background**

On January 19, 2024, Petitioner filed a petition for writ of habeas corpus. *Id*. On February 1, 2024, the Court conducted a preliminary screening of the petition and determined that it failed to name the proper respondent and failed to demonstrate exhaustion of state remedies. (Doc. 4). The Court issued an order to show cause why the petition should not be dismissed and granted Petitioner 21 days to file a first amended petition curing the aforementioned deficiencies. *Id*. Additionally, Petitioner

1

was "forewarned that failure to comply with this Order may result in an Order of Dismissal or Recommendation that the petition be dismissed pursuant to Local Rule 110." *Id*. at 5.

The deadline for Petitioner to respond to the Court's orders has expired and Petitioner has not filed any response or otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described herein, the Court will recommend that Petitioner's petition be dismissed for failure to comply with a court order, failure to prosecute and failure to exhaust state remedies.

**Legal Standard**

    1.    <u>Failure to Prosecute an Action and Failure to Comply with Court Orders</u>

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423. These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

/ / /

2. <u>Failure to Exhaust State Judicial Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). When none of a petitioner's claims have been presented to the highest state court as required, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims … it may simply dismiss the habeas petition for failure to exhaust.").

**Discussion**

The Court considers the *Henderson/PPA* factors identified above and concludes they largely favor dismissal in this case for Petitioner's failure to prosecute and obey court orders.  The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action.  The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Here, the Court directed Petitioner to make a filing addressing specific discrepancies that the Court identified in the petition, but Petitioner has failed to make the necessary filing and the deadline by which to do so has passed.  (Doc. 4). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  Here, Petitioner has failed to comply with

the Court's order requiring him to show cause. (Doc. 4). The Court is experiencing an ongoing judicial emergency and heavy caseload. Petitioner's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

The third factor is inapplicable to this matter as Respondent has not been served and ordered to file a response. Habeas Rule 4.

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643; *see Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal). Here, upon review, the Court deemed the petition deficient as it failed to name the proper respondent and failed to demonstrate exhaustion of state judicial remedies. (Doc. 4). Thus, Petitioner has not presented a matter on the merits for the Court to consider.

Lastly, the unavailability of lesser sanctions weighs in favor of dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources. Moreover, the Court's previous orders expressly warned Petitioner that if he failed to respond, the Court would recommend the district court dismiss the petition. (Doc. 4). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's orders.

Separately, Petitioner was advised in the Court's show cause order (Doc. 4 at 3) that his petition failed to sufficiently allege exhaustion of state judicial remedies. In particular, although Petitioner alleged that he appealed his conviction and sentence to the Court of Appeal and the California Supreme Court, he conceded that he had not received decisions of those courts. (Doc. 1 at 5; Doc. 4 at 3). The Court has reviewed public records (including published and unpublished decisions of California state appellate courts via Westlaw) and found no record of any appeals in

Petitioner's underlying criminal case. Notwithstanding that the Court directed Petitioner to address the issue of exhaustion in a written filing, Petitioner failed to obey.

After considering the factors set forth *supra* and governing case law requiring Petitioner to sufficiently plead exhaustion of state judicial remedies, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

**Conclusion and Recommendations**

Based on the foregoing, the Clerk of Court is DIRECTED to assign a District Judge to this action.

The Court FURTHER RECOMMENDS:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with a court order, and failure to exhaust state judicial remedies;
2. The Court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 1, 2024**   _____
UNITED STATES MAGISTRATE JUDGE