UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE EDWARD BRONSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FRESNO FEDERAL COURTHOUSE,<br><br>　　　　Respondent. | Case No. 1:24-cv-00092 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO EXHAUST STATE REMEDIES<br><br>(Doc. 9) |

　　　　Petitioner Duane Edward Bronson ("Petitioner") is a state prisoner proceeding prose with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Based on its initial review of the petition, on February 1, 2024, the assigned magistrate judge issued an order to show cause why the petition should not be dismissed for Petitioner's failure to name a proper respondent and failure to exhaust state remedies.  (Doc. 4).  Petitioner did not respond to the Court's order to show cause.  Accordingly, on March 1, 2024, the assigned magistrate judge issued Findings and Recommendations to dismiss the petition without prejudice for Petitioner's failure to prosecute, failure to comply with a Court order, and failure to exhaust state remedies. (Doc. 6). The Court served the Findings and Recommendations on the plaintiff and notified him that any objections were due within 21 days.  (*Id*. at 5.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal."   (*Id*., citing

*Wilkerson v. Wheele*r, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

Though he did not timely file objections, on March 22, 2024, Petitioner filed a separate prisoner civil rights complaint and attached the February 1, 2024, order to show cause.  *See Bronson v. Gallardo, et al*. No. 1:24-cv-00344-GSA (E.D. Cal.) (Doc. 1).  As indicated, Petitioner did not respond to the Court's order to show cause and has made no showing why the petition should not be dismissed for his failure to exhaust state remedies.  (*See* Doc. 8).  The magistrate judge's conclusion regarding Petitioner's failure to exhaust state remedies is consistent with the docket of Petitioner's underlying criminal case in the Superior Court of California, County of Fresno, which reflects that Petitioner did not timely file a notice of appeal.  *See People v. Bronson*, No. F23906715.[1]

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

The Court next turns to the question of whether a certificate of appealability should issue.  Generally, a certificate of appealability may be issued under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue only if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  *Rosas v. Nielsen*, 428 F.3d 1229, 1233 (9th Cir. 2005) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability is appropriate only where both inquires are satisfied.  *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014).  Here,

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records.  *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

Petitioner has not made any showing that jurists of reason would find it debatable whether Petitioner had exhausted state remedies. Accordingly, the Court declines to issue a certificate of appealability.

Thus, the Court **ORDERS**:

1. The March 1, 2024, Findings and Recommendations (Doc. 6) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.
3. The Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 3, 2024**

_____
UNITED STATES DISTRICT JUDGE